**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose COLON–VALDEZ, Defendant—Appellant.**

**No. 02–30173.**
**D.C. No. CR–01–30089–MRH.**

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2003.*

Decided Aug. 1, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

MEMORANDUM**

Jose Colon–Valdez (the "defendant") entered a conditional guilty plea to possession with intent to distribute 50 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He now appeals the denial of his motions to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The search of the Explorer was within the scope of the warrant. "Although search warrants ideally state their full scope with particularity, a search warrant authorizing a search of a particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises." *United States v. Duque,* 62 F.3d 1146, 1151 (9th Cir.1995) (citation and quotation marks omitted).

Here, the warrant authorized the search of the house and any vehicle under the control of Hilda Aguilar. Aguilar, along with the defendant, had been described as having sold methamphetamine in the affidavit supporting the warrant. The title to the Explorer was in Aguilar's purse and the keys were found in the house. Additionally, the Explorer was parked in the carport, had been seen parked at the residence and was used by the suspects prior to the search. Thus, we conclude that the search of the Explorer was within the scope of the warrant.

Additionally, the district court did not err in denying the defendant's motion to suppress due to improper service of the warrant. Rule 41 requires that a copy of the warrant be given to the property own-

Before SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

er. Fed.R.Crim.P. 41(f)(3) (formerly Fed. R. Crim P. 41(d)); *United States v. Gantt,* 194 F.3d 987, 990 (9th Cir.1999). A technical violation of Rule 41, however, requires suppression only if the defendant was prejudiced or there is evidence of deliberate disregard of the rule. *Id.* at 994; *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1283 (9th Cir.1992).

■ The district court found that the agent who showed the warrant to the defendant was straightforward when he testified that he believed showing the warrant to the defendant was presentment. Accordingly, the district court found the error to be non-deliberate. This was not clear error. Further, there was no prejudice in the failure to give the defendant a copy of the warrant.

AFFIRMED.